1
2
3
4
5
6
7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARNULFO CHAVEZ,

11              Plaintiff,              No. CIV S-09-0514 JAM DAD PS

12        vs.

13   WORLD SAVINGS BANK, et al.,        ORDER SETTING STATUS
                                        (PRETRIAL SCHEDULING)
14              Defendants.             CONFERENCE

15   _____/

16              The above-captioned action has been transferred from the United States District

17   Court for the Northern District of California to the United States District Court for the Eastern

18   District of California.  The case has been assigned to United States District Judge John A.

19   Mendez and has been referred to United States Magistrate Judge Dale A. Drozd pursuant to

20   Local Rule 72-302(c)(21) for all purposes encompassed by that provision.[1]

21   /////

22   /////

23   _____

24        [1] Plaintiff has been notified by the Clerk of the Court that, if all parties consent, the
     assigned Magistrate Judge is available to conduct all proceedings in this case.  A consent form
     has been provided to plaintiff.  A party choosing to consent may complete a consent form and
25   return it to the Clerk of the Court at any time.  Neither the magistrate judge nor the district judge
     handling the case will be notified of the filing of a consent form, unless all parties have filed
26   consent forms.

                                            1

In accordance with the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS ORDERED that:

1. All documents filed in this case henceforth shall bear the Eastern District case number, which may be written as either 2:09-cv-0514 JAM DAD PS or CIV S-09-0514 JAM DAD PS, and shall not bear the Northern District case number.

2. The scheduling order previously filed in this case in the Northern District on February 13, 2009 (Doc. No. 4) is vacated.

3. A Status (Pretrial Scheduling) Conference is set for **Friday, June 19, 2009, at 11:00 a.m.**, in Courtroom No. 27, before Magistrate Judge Drozd.

4. Rule 4(m) of the Federal Rules of Civil Procedure provides that **<u>an action may be dismissed against any defendant on whom service of process has not been completed within 120 days from the date the complaint was filed</u>**.  In order to comply with the 120-day time limits specified in Rules 4(m) and 16(b), **<u>plaintiff is strongly encouraged to complete service of process on all defendants within 90 days of the date of filing his complaint</u>**.

5. Concurrently with service of process on the defendants, or as soon thereafter as possible, plaintiff shall serve upon each defendant named in the complaint, and UPON ALL PARTIES SUBSEQUENTLY JOINED, INCLUDING IMPLEADED THIRD-PARTY DEFENDANTS, a copy of this order, and plaintiff shall promptly file with the Clerk of the Court a certificate reflecting such service.

6. Plaintiff shall serve on each defendant a copy of the Notice of Availability of Magistrate Judge and consent form served upon plaintiff on February 23, 2009.

7. Each party shall appear at the Status Conference by counsel or, if proceeding <u>in propria persona</u>, on his own behalf.  Any party may choose to appear at the status conference in person or telephonically.  To arrange telephonic appearance, the party shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than 48 hours before the Status (Pretrial Scheduling) Conference.

8.  Plaintiff shall file and serve a written status report on or before **June 5, 2009**, and defendants shall file and serve a status report on or before **June 12, 2009**.  Each status report shall address all of the following matters:

a.      Progress of service of process;

b.      Possible joinder of additional parties;

c.      Any expected or desired amendment of the pleadings;

d.      Jurisdiction and venue;

e.      Anticipated motions and the scheduling thereof;

f.      Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

g.      Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

h.      Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

i.      Whether the case is related to any other case, including matters in bankruptcy;

j.      Whether the parties will stipulate to the assigned magistrate judge acting as settlement judge, waiving any disqualification by virtue of his so acting, or whether they prefer to have a Settlement Conference before another magistrate judge;

k.      Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

l.      Any other matters that may aid in the just and expeditious disposition of this action.

9.  Plaintiff is cautioned that failure to file a timely status report or to appear at the status conference either in person or telephonically may result in a recommendation that this case be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules.  See Local Rules 11-110 and 83-183.

1          10.  Any party appearing in propria persona shall keep the court and opposing

2  parties advised as to his or her current address at all times during the pendency of this action.

3  Local Rule 83-183(b).

4  DATED: February 24, 2009.

5

6                                          Dale A. Drozd

7                          DALE A. DROZD
                             UNITED STATES MAGISTRATE JUDGE

8  DAD:kw
  Ddad1\orders.prose\chavez0514.ossc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26